IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x

AMC BEAUTY, LLC, a New Jersey Limited
Liability Company, |
                              Plaintiff, |     Civil Action No. _____

             v. |

BURT'S BEES, INC., a Delaware Corporation, |     **COMPLAINT FOR**
                                         |     **DECLARATORY JUDGMENT**

                      Defendant. |

------------------------------------------------------------x

1.      Plaintiff AMC Beauty, LLC ("Plaintiff" or "AMC") with its principal place of business at 1135 Pleasant View Terrance West, Ridgefield, New Jersey 07657, by and through its undersigned counsel, Venable LLP, files this Complaint for Declaratory Judgment against Defendant Burts Bees, Inc. ("Defendant") with its principal address at 633 Davis Drive, Suite 600, Morrisville, North Carolina 27560.

## INTRODUCTION

2.      By this Complaint, Plaintiff seeks a declaration that (i) the use of the trademark ROYALE BEE NATURALS by Plaintiff does not infringe upon, is not likely to cause confusion with, does not dilute by blurring or tarnishment and does not in any way violate valid and proven proprietary rights, if any, claimed by Defendant including, but not limited to, the marks BURT'S BEES and BABY BEE; (ii) the use of a bee design by Plaintiff does not infringe upon, is not likely to cause confusion with, does not dilute by blurring or tarnishment and does not in any way violate valid and proven proprietary rights, if any, claimed by Defendant including, but not

limited to, the marks BURT'S BEES and/or BABY BEE; (iii) the use of the phrase "Bee Good to Yourself!" by Plaintiff does not infringe upon, is not likely to cause confusion with, does not dilute by blurring or tarnishment and does not in any way violate valid and proven proprietary rights, if any, claimed by Defendant including, but not limited to, the marks BURT'S BEES and BABY BEE; (iv) the use of the trademark ROYALE BEE NATURALS, a bee design, the phrase "Bee Good to Yourself!" by Plainitff and any variation or combination of those elements are not visually similar, nor have the same meaning as the marks BURT'S BEES and/or BABY BEE; (v) with respect to Defendant's rights, if any, Plaintiff is entitled to use the trademark ROYALE BEE NATURALS, a bee design, and the phrase "Bee Good to Yourself!" nationwide in connection with a variety of goods; (vi) Defendant shall not challenge any federal applications filed by Plaintiff (or anyone acting on its behalf or with its authorization) to register the trademark ROYALE BEE NATURALS (with or without a bee design), the trademark ROYALE BEE (with or without a bee design), and the phrase "Bee Good to Yourself!" (with or without a bee design) for use in connection with a variety of goods; and (vii) Defendant shall not assert or threaten to assert any claims for liability against Plaintiff in connection with Plaintiff's use or registration of the mark ROYALE BEE NATURALS, ROYALE BEE, a bee design, the phrase "Bee Good to Yourself!," any combination or any variations of those, for use in connection with a variety of goods.

## THE PARTIES

3.      Plaintiff AMC Beauty, LLC is a New Jersey Limited Liability Company with its principal place of business at 1135 Pleasant View Terrance West, Ridgefield, New Jersey 07657.

2

13.    AMC has offered, manufactured, sold, or distributed a wide variety of goods including, but not limited to, cosmetics, non-medicated items such as skin care preparations, lip balms, and body wash products nationwide with the phrase "Bee Good to Yourself!" on the packaging since early 2007.

14.    AMC uses its marks on products including cosmetics, personal care and other bath products, a number of which include beeswax as an ingredient.

15.    AMC has invested considerable time and money in developing the products bearing its marks as well as in seeking to establish its brands, and has entered into substantial financial obligations so that its products can be sold nationally.

16.    Upon information and belief, during any time of co-existence, there has never been a single instance of confusion between AMC's ROYALE BEE NATURALS trademark, its bee design, or the phrase "Bee Good to Yourself!" with any marks that may be owned by Defendant including, but not limited to, the marks BURT'S BEES and BABY BEE.

17.    AMC received a letter from counsel for Defendant dated August 8, 2007, attached as Exhibit A, requesting that AMC "immediately withdraw from sale and all channels of trade all personal care products that use the name ROYAL BEE NATURALS, the phrase 'Bee Good to Yourself!' and/or the image of a honey bee."

18.    In its letter, Defendant claims that it has registered the marks BURT'S BEES and BABY BEE with the U.S. Patent and Trademark Office and received Registration No. 2,171,302 on July 7, 1998, and Registration No. 2,169,521 on June 30, 1998, respectively.

19.    In its August 8th letter, Defendant "require[s] that [AMC] desist from any future use of the sketch of the honey bee on [its] products, and that [AMC] immediately cease and desist from any usage of the trademark ROYAL BEE NATURALS for personal care products."

4

4.      On information and belief, Defendant Burt's Bees, Inc. ("Defendant") is a corporation organized under the laws of the state of Delaware with its principal place of business at 633 Davis Drive, Suite 600, Morrisville, North Carolina 27560.

## JURISDICTION AND VENUE

5.      This action arises under 28 U.S.C. §§ 2201, *et seq*.

6.      Upon information and belief, Defendant conducts business nationwide, including in this District.

7.      The acts committed by Defendant, as alleged below, have been and are, in whole or in substantial part, directed to, carried out and made effective within this District.

8.      The value of the declaratory relief sought well exceeds $75,000, exclusive of interest and costs.

9.      This Court has jurisdiction pursuant to 15 U.S.C. § 1121 and 28 U.S.C. § 1331, 1332, 1338 and 2201.

10.     Venue is proper in this district pursuant to 28 U.S.C. § 1391.

## FACTUAL BACKGROUND

11.     AMC has offered, manufactured, sold, or distributed a wide variety of goods including, but not limited to, cosmetics, non-medicated items such as skin care preparations, lip balms and body wash products nationwide under the ROYALE BEE NATURALS trademark since early 2007.

12.     AMC has offered, manufactured, sold, or distributed a wide variety of goods including, but not limited to, cosmetics, non-medicated items such as skin care preparations, lip balms, and body wash products nationwide with a bee design since early 2007.

3

20.    Defendant's letter continues, "[i]n order to avoid confusion in the marketplace, we also request that [AMC] and all retailers of [its] products immediately discontinue manufacturing, distribution, promotion, marketing and sales of any and all the personal care products under the mark ROYAL BEE NATURALS."

21.    AMC disputes Defendant's allegations made in the August 8th letter, and the parties clearly have adverse interests.

## COUNT I

## DECLARATION OF NON-INFRINGEMENT OF REGISTERED TRADEMARKS

22.    The allegations in all preceding paragraphs are incorporated by reference as if set forth below.

23.    Upon information and belief, Defendant is the owner of Trademark Registration Nos. 2,171,302 and 2,169,521.

24.    AMC's use of the mark ROYALE BEE NATURALS is not likely to cause confusion, mistake or deception among consumers as to the affiliation or association with Defendant or as to the origin, sponsorship or approval of Defendant, and does not in any way violate valid and proven proprietary rights, if any, claimed by Defendant.

25.    AMC's use of a bee design is not likely to cause confusion, mistake or deception among consumers as to the affiliation or association with Defendant or as to the origin, sponsorship or approval of Defendant, and does not in any way violate valid and proven proprietary rights, if any, claimed by Defendant.

26.    AMC's use of the phrase "Bee Good to Yourself!" is not likely to cause confusion, mistake or deception among consumers as to the affiliation or association with

5

Defendant or as to the origin, sponsorship or approval of Defendant, and does not in any way violate valid and proven proprietary rights, if any, claimed by Defendant.

27.     An actual controversy within the jurisdiction of this Court exists, and that controversy is ripe for adjudication.

28.     The parties' interests are adverse, and adjudication of the existing controversy will clarify the parties' rights and obligations.

29.     Plaintiff's interest in the above-described controversy is direct, substantial and present.

30.     The interests are of sufficient immediacy and reality to warrant issuance of declaratory relief.

## COUNT II

## DECLARATION OF NON-INFRINGEMENT OF COMMON LAW TRADEMARKS

31.     The allegations in all preceding paragraphs are incorporated by reference as if set forth below.

32.     AMC's use of the mark ROYALE BEE NATURALS is not likely to cause confusion, mistake or deception among consumers as to the affiliation or association with Defendant or as to the origin, sponsorship or approval of Defendant, and does not in any way violate valid and proven proprietary rights, if any, claimed by Defendant, including, but not limited to, the marks BURT'S BEES, BABY BEE and symbols related to honey bees or bee hives.

33.     AMC's use of a bee design is not likely to cause confusion, mistake or deception among consumers as to the affiliation or association with Defendant or as to the origin, sponsorship or approval of Defendant, and does not in any way violate valid and proven

proprietary rights, if any, claimed by Defendant, including, but not limited to, the marks BURT'S BEES, BABY BEE, and symbols related to honey bees or bee hives.

34.     AMC's use of the phrase "Bee Good to Yourself!" is not likely to cause confusion, mistake or deception among consumers as to the affiliation or association with Defendant or as to the origin, sponsorship or approval of Defendant, and does not in any way violate valid and proven proprietary rights, if any, claimed by Defendant, including, but not limited to, the marks BURT'S BEES, BABY BEE and symbols related to honey bees or bee hives.

35.     An actual controversy within the jurisdiction of this Court exists, and that controversy is ripe for adjudication.

36.     The parties' interests are adverse, and adjudication of the existing controversy will clarify the parties' rights and obligations.

37.     Plaintiff's interest in the above-described controversy is direct, substantial and present.

38.     The interests are of sufficient immediacy and reality to warrant issuance of declaratory relief.

## COUNT III

## DECLARATION OF NO DILUTION OF TRADEMARKS

39.     The allegations in all preceding paragraphs are incorporated by reference as if set forth below.

40.     AMC's use of the mark ROYALE BEE NATURALS is not likely to cause dilution by blurring or dilution by tarnishment of the marks BURT'S BEES, BABY BEE or both,

7

and does not in any way violate valid and proven proprietary rights, if any, claimed by Defendant in either of the marks BURT'S BEES or BABY BEE.

41.     AMC's use of a bee design is not likely to cause dilution by blurring or dilution by tarnishment of the marks BURT'S BEES, BABY BEE or both, and does not in any way violate valid and proven proprietary rights, if any, claimed by Defendant in either of the marks BURT'S BEES or BABY BEE.

42.     AMC's use of the phrase "Bee Good to Yourself!" is not likely to cause dilution by blurring or dilution by tarnishment of the marks BURT'S BEES, BABY BEE or both, and does not in any way violate valid and proven proprietary rights, if any, claimed by Defendant in either of the marks BURT'S BEES or BABY BEE.

43.     An actual controversy within the jurisdiction of this Court exists, and that controversy is ripe for adjudication.

44.     The parties' interests are adverse, and adjudication of the existing controversy will clarify the parties' rights and obligations.

45.     Plaintiff's interest in the above-described controversy is direct, substantial and present.

46.     The interests are of sufficient immediacy and reality to warrant issuance of declaratory relief.

## COUNT IV

## DECLARATION OF NON-INFRINGEMENT OF TRADE DRESS

47.     The allegations in all preceding paragraphs are incorporated by reference as if set forth below.

8

48.    AMC's use of the mark ROYALE BEE NATURALS, a bee design, the phrase "Bee Good to Yourself!," or any combination of those elements are neither visually similar, nor have the same meaning as BURT'S BEES, BABY BEE or both, and do not in any way violate valid and proven proprietary rights, if any, claimed by Defendant in the marks, including, but not limited to, BURT'S BEES and BABY BEE.

49.    An actual controversy within the jurisdiction of this Court exists, and that controversy is ripe for adjudication.

50.    The parties' interests are adverse, and adjudication of the existing controversy will clarify the parties' rights and obligations.

51.    Plaintiff's interest in the above-described controversy is direct, substantial and present.

52.    The interests are of sufficient immediacy and reality to warrant issuance of declaratory relief.


WHEREFORE, Plaintiff request the relief set forth below.


## RELIEF REQUESTED

Plaintiff prays for the following relief:

a.    A declaration that Plaintiff's use (or the use by anyone affiliated or associated with Plaintiff or licensed by Plaintiff) of the trademark ROYALE BEE NATURALS does not infringe upon, is not likely to cause confusion with, and does not in any way violate valid and proven proprietary rights claimed by Defendant, including, but not limited to, the marks BURT'S BEES,

9

BABY BEES or both, and therefore Plaintiff is entitled to use the trademark ROYALE BEE NATURALS nationwide in connection with a variety of goods;

b.  A declaration that Plaintiff's use (or the use by anyone affiliated or associated with Plaintiff or licensed by Plaintiff) of a bee design does not infringe upon, is not likely to cause confusion with, and does not in any way violate valid and proven proprietary rights claimed by Defendant, including, but not limited to, the marks BURT'S BEES, BABY BEES or both, and therefore Plaintiff is entitled to use its bee design nationwide in connection with a variety of goods;

c.  A declaration that Plaintiff's use (or the use by anyone affiliated or associated with Plaintiff or licensed by Plaintiff) of the phrase "Bee Good to Yourself!" does not infringe upon, is not likely to cause confusion with, and does not in any way violate valid and proven proprietary rights claimed by Defendant, including, but not limited to, the marks BURT'S BEES, BABY BEES or both, and therefore Plaintiff is entitled to use the phrase "Bee Good to Yourself!" nationwide in connection with a variety of goods;

d.  A declaration that Plaintiff's use (or the use by anyone affiliated or associated with Plaintiff or licensed by Plaintiff) of the trademark ROYALE BEE NATURALS, a bee design, the phrase "Bee Good to Yourself!" and any combination or variation of those do not cause dilution by blurring or tarnishment, and do not in any way violate valid and proven proprietary rights claimed by Defendant in the marks BURT'S BEES, BABY BEES or both, and therefore Plaintiff is entitled to use the trademark ROYALE BEE NATURALS, bee design and the phrase "Bee Good to Yourself!" nationwide in connection with a variety of goods;

e.  A declaration that Plaintiff's use (or the use by anyone affiliated or associated with Plaintiff or licensed by Plaintiff) of the trademark ROYALE BEE NATURALS, its bee design,

10

the phrase "Bee Good to Yourself!" and any variation or combination of those elements are neither visually similar, nor have the same meaning as BURT'S BEES, BABY BEE or both, and therefore Plaintiff is entitled to use the trademark ROYALE BEE NATURALS, its bee design, the phrase "Bee Good to Yourself!" and any variations or combination of those elements nationwide in connection with a variety of goods;

f.      An order enjoining and prohibiting Defendant from challenging any federal applications filed by Plaintiff (or anyone acting on its behalf or with its authorization) to register the trademarks ROYALE BEE NATURALS, ROYAL BEE, a bee design, the phrase "Bee Good to Yourself!" or any variation or combination of those, for use in connection with a variety of goods;

g.      An order enjoining and prohibiting Defendant from asserting or threatening to assert any claims for liability against Plaintiff for alleged violation of Defendant's claimed proprietary rights and from asserting and threatening to assert any other claims for liability against Plaintiff in connection with Plaintiff's use or registration of the mark ROYALE BEE NATURALS, a bee design, the phrase "Bee Good to Yourself!" or any variations of those, for use in connection with a variety of goods;

h.      That Plaintiff be awarded costs of suit;

i.      That Plaintiff be awarded its attorneys' fees;

j.      Plaintiff requests that this Court grant Plaintiff such other and further relief as this Court may deem just and proper.

11

Dated:  August 31, 2007

Respectfully Submitted,

AMC BEAUTY, LLC

By:_____

Gregory W. Gilliam (GG-2857)
Julie A. Petruzzelli (JP-0443)
Sharon Blinkoff
Seth Shaifer (SS-4087)
**VENABLE LLP**
405 Lexington Avenue
The Fifty-Sixth Floor
New York, New York  10174
Telephone:   (212) 307-5500
Facsimile:    (202) 307-5598
E-Mail:  ggilliam@venable.com
           japetruzzelli@venable.com
           sblinkoff@venble.com
           sshaifer@venable.com
***Attorneys for AMC Beauty, LLC***

DC2#887693

12

# EXHIBIT A

WYRICK

ROBBINS

YATES

&PONTON

LLP

ATTORNEYS AT LAW

The Summit
4101 Lake Boone Trail
Suite 300
Raleigh, NC 27607.7506

PO Drawer 17803
Raleigh, NC 27619

ph 919.781.4000
fax 919.781.4865
www.wyrick.com

MICHAEL D. DEFRANK
mdefrank@wyrick.com

August 8, 2007

***VIA FACSIMILE (301) 515-1743***
***AND FIRST CLASS MAIL***
AMC Beauty
ATTN: Corporate Counsel
1135 Pleasant View Terrace West
Ridgefield, New Jersey 07657-2310

Re:    *Notice of Trademark Infringement*

Dear Sir or Madam:

We represent Burt's Bees, Inc. in trademark and related intellectual property matters. As you should be aware, our client is the registered owner of the marks BURT'S BEES® and BABY BEE®, which are registered with the United States Patent and Trademark Office under Registration Numbers 2171302 and 2169521. The marks were registered on July 7, 1998 and June 30, 1998, respectively. Burt's Bees has produced and distributed a lip balm product with a honey bee logo since at least 1988, and has spent significant time and money building its personal care business around the symbols related to honey bees and bee hives. Burt's Bees products are universally recognized by consumers due, in part, to their inherently distinctive honey bee and bee hive symbols used on and in Burt's Bees packages, website, promotions, and marketing (the "Marks").

It has come to our attention that you are manufacturing, distributing, and selling personal care products through various channels of trade, under the mark ROYAL BEE NATURALS. We note that personal care product line makes extensive use of a honey bee design and the phrase "Bee Good to Yourself!"

AMC Beauty
August 8, 2007
Page 2

Your use of the name ROYAL BEE NATURALS, the phrase "Bee Good to Yourself !",
and the honey bee design are all likely to cause confusion, mistake, and deception between our
client and its customers, and are in clear violation of the federally protected trademark rights of
Burt's Bees, Inc. Further, your use dilutes the distinctiveness of our client's Marks. Your company
has combined the stylistic elements of the Marks to create a trade name and trade dress that is
visually similar to the Marks and has the same meaning as the Marks. This confusion and dilution
could subject you to injunctive and monetary remedies for trademark infringement and trademark
dilution under the Lanham Act, 15 U.S.C. § 1051, *et seq.*, as well as various remedies under state
law.

Our client insists that you immediately withdraw from sale and all channels of trade all
personal care products that use the name ROYAL BEE NATURALS, the phrase "Bee Good to
Yourself !" and/or the image of a honey bee. We require that you desist from any future use of the
sketch of the honey bee on your products, and that you immediately cease and desist from any
usage of the trademark ROYAL BEE NATURALS for personal care products. In order to avoid
confusion in the marketplace, we also request that your company and all retailers of your products
immediately discontinue manufacturing, distribution, promotion, marketing, and sales of any and all
the personal care products under the mark ROYAL BEE NATURALS. Burt's Bees has no
objection to your company using a name that does not incorporate "Bee" or "Bees."

Our client would prefer to resolve this issue without the need for legal action, and we
believe it is in everyone's best interests to resolve this matter amicably now. However, if we do not
hear from you within ten (10) days from the date of this letter, we will assume that you are
unwilling to resolve this matter amicably, and we will take appropriate action to protect our client's
rights.

We trust that you will give this matter your immediate attention. This letter does not purport
to be a complete statement of the facts or the law and is without prejudice to our client's legal and
equitable rights.

Sincerely,

WYRICK ROBBINS YATES & PONTON LLP

Michael D. DeFrank